

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| CHAD EVERETTE WILLIAMS,  §  <br>  Petitioner, § <br> § <br> vs. §    CIVIL ACTION NO. 0:15-4156-MGL-PJG <br> § <br> WARDEN LARRY CARTLEDGE, § <br>  Respondent. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PETITIONER'S PETITION,
DENYING PETITIONER'S MOTIONS TO STAY, AND
DEEMING PETITIONER'S MOTION TO AMEND AS MOOT

Petitioner filed this case as a 28 U.S.C. § 2254 petition. He is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Respondent's motion for summary judgment be granted, Petitioner's § 2254 petition be denied, Petitioner's motions to stay be denied, and Petitioner's motion to amend be deemed as moot. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 18, 2016, the Clerk of Court entered Petitioner's objections on June 20, 2016, and Respondent filed his reply to Petitioner's objections on July 7, 2016. Because Petitioner's objections were missing several pages, he submitted and the Clerk of Court filed his Court-ordered supplemental objections on July 18, 2016. The Court has carefully considered the objections not once, but twice. Nevertheless, it finds them to be without merit. Therefore, it will enter judgment accordingly.

On page twenty-one of the Report, the Magistrate wrote:

> The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).
> Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).
>
> \* \* \* \* \*
>
> **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Even with these crystal clear instructions, Petitioner fails to lodge a single specific objection to the Report. Given all that is at stake here–Petitioner is serving a life sentence for murder in

addition to a concurrent twenty-five year sentence for burglary–the Court read and then reread Petitioner's thirty-five page submission to ensure it had not missed anything. It had not. Instead of Petitioner making any objections to the Report, specific or otherwise, he merely reargues issues that the Magistrate Judge has already considered and rejected. Because the Court is in accord with the Magistrate Judge's treatment of these issues, the Court declines to grind the same kernels of corn a second time here. Suffice it to say that Petitioner's "objections" will be overruled.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED**, Petitioner's § 2254 petition is **DENIED**, Petitioner's motions to stay are **DENIED**, and Petitioner's motion to amend is **DEEMED AS MOOT**.

An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

3

**IT IS SO ORDERED**.

Signed this 22nd day of August, 2016, in Columbia, South Carolina.

              s/ Mary Geiger Lewis
              MARY GEIGER LEWIS
              UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.