

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| CHAD EVERETTE WILLIAMS,  §<br>Petitioner,  §<br> §<br>vs.  §<br> §<br>LEROY CARTLEDGE, Warden,  §<br>Respondent.  § | CIVIL ACTION NO. 0:15-4156-MGL |

## ORDER DENYING PETITIONER'S FED. R. CIV. P. 52(B), 59(B), AND 59(E) MOTIONS

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for adjudication of Petitioner's motion for reconsideration under Fed. R. Civ. P. 52(b). Liberally construed, Petitioner also seeks relief under Fed. R. Civ. P. 59(b) and (e). Having considered the motions, Respondent's response, Petitioner's reply, the record, and the applicable law, the Court will deny the motions.

The Court's judgment is this action was entered on August 22, 2016. ECF. No. 58. Petitioner delivered his motions to the prison mailroom on September 20, 2016. ECF No. 61-1, 61-2 at 1, 64 at 1, and 64 at 2. In *Houston v. Lack*, 487 U.S. 266 (1988), the Supreme Court announced the prison mailbox rule establishing a pro se litigant's legal papers are considered filed upon "delivery to prison authorities, not receipt by the clerk." *Id.* at 275. Thus, for purposes of the prison mailbox rule, Petitioner filed his motions on September 20, 2016, which is twenty-nine days after the entry of judgment.

Rule 52(b) provides, in relevant part: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly." Rule 59(b)'s time requirement is the same: "A motion for a new trial must be filed no later than 28 days after the entry of judgment." Rule 59(E)'s time limitation is no different. Therein lies the problem. Because "a court must not extend the time to act under Rules . . . 52(b), 59(b) . . . and (e)," Fed. R. Civ. P. 6(b)(2), the motions are untimely and this Court is without authority to extend the deadlines.

Some courts, however, might construe these motions as Rule 60(b) motions. *See, e.g., Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014) ("When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion."). That could make the motions timely. Thus, in an abundance of caution, the Court has reviewed Petitioner's submission under the Rule 60(b) standard, but concludes Petitioner's arguments are wholly without merit.

An order denying relief in a § 2254 proceeding is unappealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating reasonable jurists would find any assessment of the constitutional claims by the district court is debatable or wrong and any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law

and concludes Petitioner has failed to make the requisite showing.  Therefore, Petitioner's request for a certificate of appealability from this Court, which is contained in his reply, is **DENIED**.

**IT IS SO ORDERED**.

Signed this 16th day of March, 2017, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.